**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| ELIZABETH BUCK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CONTINENTAL CASUALTY COMPANY, )<br>as plan administrator for the Sara Lee )<br>Corporation Health and Welfare Plan, )<br>)<br>Defendant . ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br><br>1:06CV1000 |

This case arises from a dispute between Plaintiff Elizabeth Buck and Defendant Continental Casualty Company ("Defendant" or "Continental") concerning the denial of long-term disability ("LTD") benefits for Plaintiff. The matter is before the court on Defendant's Motion for Summary Judgment [docket no. 22]. Because the parties have not consented to the jurisdiction of a magistrate judge, the court must deal with the dispositive motions for summary judgment by way of recommended disposition. For the reasons set forth below, it will be recommended that Defendant's motion be granted and Plaintiff's claim be dismissed with prejudice.

## I. FACTS

Plaintiff was an employee of Sara Lee Corporation ("Sara Lee"), working as an Assistant Creative Director. Sara Lee provided its employees with LTD benefit coverage through an employee benefit plan ("Plan") governed by the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001,

*et seq*. Plaintiff was a Plan participant and Continental was the claims administrator under the Plan.

On or about August 14, 2002, Plaintiff ceased working, claiming that she was no longer able to work due to her medical conditions. Plaintiff submitted a claim for LTD benefits with Defendant on or about January 21, 2003, and she later retained an attorney to assist in her claim for LTD benefits. Defendant wrote a letter to Plaintiff's attorney on July 29, 2003, notifying Plaintiff that it was denying her claim, pursuant to the terms of the Plan. In the letter, Defendant wrote that the medical evidence from both Plaintiff's physicians and independent medical examiners did not support Plaintiff's request for LTD benefits. In the same letter, Defendant also advised Plaintiff that she had a right to request an appeal of Defendant's adverse benefit determination, and that the request was to be in writing and made within 180 days. Neither Plaintiff nor Plaintiff's lawyer requested an appeal of Defendant's decision. Almost three years later on July 28, 2006, Plaintiff filed her Complaint in Guilford County Superior Court. On November 15, 2006, Defendant removed the action to this court. As noted, the matter is before the court on Defendant's motion for summary judgment. Defendant argues that Plaintiff has failed to exhaust administrative remedies as provided under ERISA.

## II. DISCUSSION

### A. Motion for Summary Judgment

Summary judgment is proper only when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)).

In making a determination on a summary judgment motion, the court must view the evidence in the light most favorable to the non-moving party, according that party the benefit of all reasonable inferences. *Bailey v. Blue Cross & Blue Shield of Va.*, 67 F.3d 53, 56 (4th Cir. 1995). Mere allegations and denials, however, are insufficient to establish a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Judges are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Id.* at 251 (internal quotations and citations omitted). Thus, the moving party can bear its burden either by presenting affirmative evidence or by demonstrating that the non-moving party's

3

evidence is insufficient to establish its claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting). "[A] complete failure of proof concerning an essential element of [a plaintiff's] case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

### B. Exhaustion of Administrative Appeal Requirement

It is well established in this circuit that an ERISA benefit plan participant must pursue and exhaust remedies available through her plan *before* gaining access to the federal courts. *See Gayle v. United Parcel Serv., Inc.*, 401 F.3d 222, 226 (4th Cir. 2005); *Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989). Plaintiffs may be barred from seeking relief from a court when they neglect to follow administrative procedures and do not file an administrative appeal within specified time limits. *Gayle*, 401 F.3d at 229-30. These time limits are enforced by courts to decrease "the probability of inconsistent results where one claimant is held to the limitation, and another is not. Similarly, permitting appeals well after the time for them has passed can only increase the cost and time of the settlement process." *Id.* at 226. In addition, internal time appeal limitations "are to be followed just as ordinary statute of limitations." *Id.*

Plaintiff correctly asserts that a court may suspend the exhaustion requirement when a plaintiff makes a "'clear and positive' showing that pursuit of administrative remedies would be futile." *Corrias v. UnumProvident Corp.*, 472 F. Supp. 2d 685, 688 (M.D.N.C. 2007). Plaintiff clearly misses the point of *Corrias*, however; she

4

does not even attempt to provide a showing that an appeal would have been futile. Indeed the facts here are strikingly similar to those in *Corrias*. In both fact patterns the plaintiff failed to file *any* appeal despite receiving a letter from the claims administrator outlining (1) the rationale for termination of the plaintiff's LTD benefits, (2) the method for the plaintiff to follow in order to have access to relevant documents used by the claims administrator in making the denial, (3) the procedures for the plaintiff to follow in order to appeal the decision, and (4) that a different person would review plaintiff's eligibility for LTD benefits. In sum, Plaintiff has not provided any proof to excuse the exhaustion requirement, and just as the *Corrias* court found, summary judgment for Defendant is appropriate since "exhaustion is a preliminary procedural requirement . . . ." *Id.* at 689. Since the opportunity to pursue remedies under the Plan's process has expired and this is "an essential prerequisite to judicial review of an ERISA claim for denial of benefits . . . , dismissal with prejudice is required." *Gayle*, 401 F.3d at 230.

**C. Equitable Tolling Is Not Appropriate in this Case**

Under rare circumstances, a court may allow the doctrine of equitable tolling to permit a claim for denial of LTD benefits despite the time deadline having expired. *See Gayle*, 401 F.3d at 225–26 (finding the plaintiff's claim for the doctrine of equitable tolling was inapplicable where plaintiff's original lawyer filed the administrative appeal two months late because "it fell through the cracks" and plaintiff was innocent of mistake). *Gayle* gave two justifications where equitable

5

tolling might be appropriate: (1) "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the limitations time period" and (2) "where the claimant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.*

Plaintiff does not meet the requirement for either established justification. First, as already mentioned, Plaintiff made no appeal and thus did not actively pursue her judicial remedies. Second, Plaintiff presented no evidence of misconduct by Defendant. In contrast, the only evidence presented demonstrates the absence of trickery. Specifically, Defendant sent to Plaintiff, through her attorney, a detailed denial letter with simple procedures to follow to appeal the denial decision.[1]

At best, Plaintiff's excuses[2] rise to mere innocent mistake or excusable neglect, neither of which meet the "extraordinary circumstance" level to permit equitable tolling. *See Gayle*, 401 F.3d at 227. "Equity will not disadvantage one party, who is entitled to rely on the mandated appeals procedures, in order to mitigate the negligence of the other party[ ]. . . ." *Id.* Therefore, given the absence of any showing of extraordinary circumstances that might justify equitable tolling, it

---

[1] Instead of relying upon her attorney, Plaintiff decided to handle the case herself. Plaintiff presented no evidence that her attorney failed to deliver the denial letter to Plaintiff or that Plaintiff was without notice of Defendant's decision.

[2] Plaintiff alleges that she did not know that she had not exhausted her administrative remedies and that she was mentally disabled. (Pl.'s Br. Opp'n Summ. J. 2.) Plaintiff fails to provide any basis that she was unable to comply with the simple and explicit appeal process outlined within Defendant's denial of LTD benefits letter that was provided to Plaintiff.

6

will be recommended that Plaintiff's request to toll the administrative appeal process be denied.

## III. CONCLUSION

Without excuse, Plaintiff failed to comply with the administrative procedures for appealing Defendant's decision to deny Plaintiff LTD benefits. As required by the precedent in this circuit, failure to exhaust administrative procedures is a bar to challenging LTD claim decisions in federal court. Since the time limit for appealing the administrative decision has passed, Plaintiff's claim should be dismissed with prejudice. In addition, Plaintiff has failed to produce any evidence that might justify equitable tolling.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Summary Judgment [docket no. 22] be **GRANTED** and Plaintiff's claim be **DISMISSED** with prejudice. If this Recommendation is adopted by the district court, the case will be ended because only the ERISA claim remained after the court's action on Defendant's motion to dismiss.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 6, 2008